IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy M. Reed, | ) | CA No.: 2:11-493 DCN |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| -vs- | ) | |
| | ) | |
| City of Charleston, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has before it a joint request from the parties to "decline to mediate this matter...." Previously, as a part of the Third Amended Scheduling Order (Doc. #25), the parties were advised that mediation "shall be completed in this case on or before February 20, 2012."

Mediation in this District is a voluntary, consensual decision-making process that uses a neutral third party to facilitate the negotiation of disputes. In this District, by local rule, "[a]ll civil actions filed in the District are subject to mediation...." Local Civil Rule 16.05, DSC.

Mindful of the essential component of this District's mediation program–a voluntary, consensual process–Local Civil Rule 16.05 provides that the "[p]arties may, however, decline to participate in mediation by so notifying the Court." The joint request from the parties in this matter satisfies this aspect of the pertinent local rule. Further, it appears from the plain language of Local Civil Rule 16.05 that a party does not need permission of the Court to exercise its right to decline to participate in mediation.

Accordingly, the parties have declined to participate in mediation by so notifying the

Court, and that is all the undersigned requires. Local Civil Rule 16.05, DSC[1]. The previous mandate to conduct mediation is hereby withdrawn.

  AND IT IS SO ORDERED.

                _____
                David C. Norton
                United States District Judge

February 23, 2012
Charleston, South Carolina

---

[1] But see: Local Civil Rule 1.02, DCS ("For good cause shown in a particular case, the court may suspend or modify any Local Civil Rule.")